IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
LINDA FLOWERS, as            )
conservator of the estate    )
of Dorothy M. Young,         )
                             )
     Plaintiff,              )
                             )   CIVIL ACTION NO.
     v.                      )     1:08cv345-MHT
                             )         (WO)
COTTON STATES INSURANCE      )
COMPANY,                     )
                             )
     Defendant.              )
```

OPINION AND ORDER

Plaintiff Linda Flowers, as conservator of the estate of Dorothy M. Young, brought this lawsuit in state court alleging that defendant Cotton States Insurance Company breached the provisions of Young's insurance policy when it refused to pay her claim for approximately $ 10,000 in stolen property.  Flowers also alleged that Cotton States acted in bad faith by failing to investigate the claim properly and pay it.

Cotton States removed this case to federal court, asserting jurisdiction pursuant to 28 U.S.C. §§ 1332

(diversity of citizenship) and 1441 (removal). The court, however, is concerned that this action may not satisfy the amount-in-controversy requirement for diversity jurisdiction.

I.

On April 26, 2007, Flowers filed a claim on Young's homeowner's insurance policy seeking compensation for the loss of approximately $ 10,000 in property allegedly stolen from Young's house by her younger sister, Mae Mixon. Young and Mixon had lived together in Young's home for approximately 11 years, until Mixon was forced to move out so the house could be sold. When Mixon moved out, it appears that she took some of Young's property with her, giving rise to Young's claim for loss of property due to theft. Cotton States denied Young's claim citing an exclusion for theft by an "insured" party, which, under the policy, includes all relatives residing in the same household as Young.

II.

In the notice of removal, Cotton States asserts jurisdiction pursuant 28 U.S.C. § 1441(a), which authorizes removal "of any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Cotton States claims that this court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship and the amount-in-controversy exceeds $ 75,000. The court is satisfied that the citizenship requirement is met; the amount in controversy, however, is unclear.

Young's complaint did not specify damages, either punitive or compensatory, and she claimed only $ 10,000 in lost property. In order to show that the amount-in-controversy requirement is met, therefore, Cotton States cites other Alabama wrongful-denial and bad-faith cases in which the jury awarded more than $ 75,000 in damages,

concluding that the amount-in-controversy in this case "could easily exceed the jurisdictional minimum." Def.'s Notice Removal at 4.

The Eleventh Circuit Court of Appeals, however, has established that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). Regarding awards in other tort cases, the court "question[ed] whether such general evidence is ever of much use in establishing the value of claims in any one particular suit." Id. at 1221. This "questionable" evidence, however, is all that Cotton States has provided in its notice of removal.

### III.

Finally, it is important to note the posture of this case. Here, the plaintiff has not challenged removal (and the 30-day deadline under § 1447(c) has passed) so the

4

court reviews subject-matter jurisdiction <u>sua sponte</u>. 29 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); <u>see also Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244, 1245 (11th Cir. 2004) (clarifying that a court may remand, <u>sua sponte</u>, only for lack of subject-matter jurisdiction).  This posture alters the court's role slightly.  "Where the plaintiff does not challenge removal on jurisdictional grounds ... the court is no longer considering the propriety of removal, but instead, whether <u>subject matter jurisdiction</u> exists at all." <u>Lowery</u>, 483 F.3d at 1215 n. 64 (emphasis in original). "In considering these later challenges to jurisdiction, the court may look to any relevant information the parties may present."  <u>Id.</u>*  The court should "'allow the

---

        * For example, when considering a motion for remand pursuant to § 1447(c), the court may evaluate jurisdiction based on only the removing documents themselves.  <u>See, e.g.</u>, <u>Lowery</u>, 483 F.3d at 1211 (concluding that "the removal-remand scheme set forth in
(continued...)

parties to submit evidence on the amount in controversy'" and should "'give defendants an opportunity to meet their burden as to this requirement of diversity jurisdiction.'" <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001) (quoting <u>United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.</u>, 30 F.3d 298, 305 (2d Cir.1994)).

***

For the above reasons, it is ORDERED that the parties show cause, if any there be, in writing by March 13, 2009, as to why this case should not be remanded to state court for want of subject-matter jurisdiction.

DONE, this the 5th day of March, 2009.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

(...continued)
28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents.") In this context, the court has specifically clarified that awards in other cases, when "not received from the plaintiff" but "gathered from outside sources," may not be considered. <u>Id.</u> at 1220.