IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| LINDA FLOWERS, as ) | |
| conservator of the estate ) | |
| of Dorothy M. Young, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:08cv345-MHT |
| ) | (WO) |
| COTTON STATES INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Plaintiff Linda Flowers, as conservator of the estate of Dorothy M. Young, brought this lawsuit in state court claiming that defendant Cotton States Insurance Company breached the provisions of Young's insurance policy when it refused to pay her claim for approximately $ 10,000 in stolen property. Flowers also alleged that Cotton States acted in bad faith by failing to investigate the claim properly and pay it.

Cotton States removed this case to federal court, asserting jurisdiction pursuant to 28 U.S.C. §§ 1332

(diversity of citizenship) and 1441 (removal). The court, however, was concerned that this action does not satisfy the $ 75,000 amount-in-controversy requirement for diversity jurisdiction and issued an order to show cause why the case should not be remanded. After considering the full record, including the responses submitted by both parties, the court determines that this case should be remanded to state court.

## I. BACKGROUND

On April 26, 2007, Flowers filed a claim on Young's homeowner's insurance policy seeking compensation for the loss of approximately $ 10,000 in property allegedly stolen from Young's house by her younger sister, Mae Mixon. Young and Mixon had lived together in Young's home for approximately 11 years, until Mixon was forced to move out so the house could be sold. When Mixon moved out, it appears that she took some of Young's property with her, giving rise to Flowers's claim, on behalf of

Young, for loss of property due to theft.  Cotton States denied Flowers's claim citing an exclusion for theft by an "insured" party, which, under the policy, includes all relatives residing in the same household as Young.

## II. AMOUNT-IN-CONTROVERSY

The Eleventh Circuit Court of Appeals has established that, "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007); see also Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002).  Typically, where the plaintiff has timely challenged the propriety of removal, the court may evaluate jurisdiction based on only the removing documents themselves.  The court "considers the documents received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and

3

considers whether that document and the notice of removal unambiguously establish federal jurisdiction." Lowery, 483 F.3d at 1213.

Here, however, no challenge to removal was filed, so the court examines subject-matter jurisdiction sua sponte. 29 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see also Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004). As the court explained in the order to show cause, this posture expands the universe of evidence that the court may consider. "Where the plaintiff does not challenge removal on jurisdictional grounds ... the court is no longer considering the propriety of removal, but instead, whether subject matter jurisdiction exists at all." Lowery, 483 F.3d at 1215 n. 64. Therefore, "[i]n considering these later challenges to jurisdiction, the court may look to any relevant information the parties

4

may present." Id.  Even in this more permissive posture, however, the court continues to view evidence of awards in other cases with skepticism and "questions whether such general evidence is ever of much use in establishing the value of claims in any one particular suit." Id. at 1221.

## III. DISCUSSION

Flowers's complaint did not specify damages, either punitive or compensatory, and she claimed only $ 10,000 in lost property.  Her response to the show-cause order added little.  She submitted a brief stating only that there is "no yardstick" for determining awards for punitive damages or for damages for mental anguish under Alabama law.  Pl.'s Resp. Order Show Cause at 1. Therefore, although she clarified that she hoped to maximize any award, she could not state whether the amount in controversy is either above or below $ 75,000.

Cotton States responded to the order to show cause by focusing almost exclusively on Flowers's refusal to stipulate that she would not seek more than $ 75,000.  In fact, outside of the "questionable" evidence of awards in other cases, this is essentially the only evidence Cotton States has submitted as to the amount in controversy.  It is clearly not enough.  Although a refusal to stipulate does provide "some evidence of the value of the case," Alexander v. Captain D's, LLC, 437 F.Supp.2d 1320, 1323 (M.D. Ala. 2006) (Thompson, J.) the Eleventh Circuit has clarified that "a refusal to stipulate standing alone does not satisfy [defendant's] burden on the jurisdictional issue." Williams v. Best Buy Co., Inc. 269 F.3d 1316 (11th Cir. 2001).  As such, Cotton States has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $ 75,000.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that pursuant to 28 U.S.C. § 1447(c) this cause

6

is remanded to the Circuit Court of Houston County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that all pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 19th day of March, 2009.

                               /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE